# Bibb *v.* Crews *et al.*

*Bill in Equity to enjoin a Sale under a Mortgage.*

1. *Mortgages*; *right of sale under power not affected by loss of original instrument.*—The right of a mortgagee to foreclose his mortgage by sale under the power contained therein is not affected by loss of the original mortgage; and especially is this true where, as in the present case, though the original mortgage was lost, there was a record of it in the office of the judge of probate.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. JOHN G. WINTER.

In the year 1881, the appellant borrowed from the testator of the appellees, Martin M. Crews, $5,300, and

gave to him her promissory note for the amount, and secured the same by a mortgage on her plantation in Montgomery county, Alabama; which mortgage contained the usual power of sale on default, and which was properly recorded in the office of the judge of probate of Montgomery county, within twelve months after its execution. Interest was regularly paid on said debt from year to year, and various payments were made on the principal, whereby the amount of the debt was reduced so that on the 1st day of January, 1894, the amount due on said mortgage debt was $3,260. Martin M. Crews removed to Texas, and died in that State December 12th, 1893, leaving a last will and testament, in which the appellees and James Crews, nephews of said Martin Crews, were named as executors; but James Crews did not qualify as such, and letters testamentary were issued to appellees. Appellees were unable to find Mrs. Bibb's note and mortgage, and wrote to her, asking about the amount due, &c., and not receiving the information from her, procured the facts in relation to the debt and description of property from the record of the mortgage in the office of the judge of probate of Montgomery county. The amount due they ascertained from a statement left by Martin Crews among his papers; and a short while before the filing of the bill in this cause appellees advertised for sale the land described in said mortgage, and appellant filed the present bill to enjoin that sale.

The complainant averred in her bill that she ought not to be compelled to pay the balance of the debt, because Martin Crews gave her the debt before he died; and that the way in which he gave it to her was by "destroying said note and mortgage, with intent to cancel and discharge said debt;" and upon this averment rests the whole equity of complainant's bill.

On the filing of the bill a temporary injunction was issued. On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for, ordered the injunction theretofore issued dissolved, and the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

[Bibb v. Crews *et al.*]

A. A. WILEY AND W. S. THORINGTON, for appellant. It is clear from all analogies of the law, that when the mortgage papers have been lost or destroyed, the mortgagee ought not to be permitted, while the papers are out of his possession, to sell under the power of sale, but out to be required to come into a court of equity for foreclosure, where the contents of the instruments and their loss or destruction may be established by competent testimony, and proper indemnity given. In support of this proposition we submit the following authorities.— 13 Amer. & Eng. Encyc. of Law, 1069, 1070, 1071, 1072, 1073; Code of 1886, §§ 2597-8.

DAVID T. BLAKEY, *contra*.

McCLELLAN, J.—The demurrer to the bill does not appear to have been acted on. Whether the bill has equity or not we do not consider or decide since it is not necessary in the view we take of the evidence. The testimony has been fully considered by each member of the court, and upon it we reach the conclusion that the averments of the bill have not been sustained by the proof.

There is no merit in the suggestion that the bill has equity, which the evidence establishes, aside from the main question of release *vel non*, for the injunction of the sale respondents are about to make under the power to that end contained in the mortgage, because of the fact that the mortgage has been lost. We are unable to conceive how the loss or destruction of the primary evidence of a right can destroy the right itself, or that the enforcement of an unquestioned right can become inequitable merely because the original writing conferring the right has been lost. And especially is the contention without just foundation, where, as in this case, the right is to sell property under a mortgage and, though the original is lost, there is a record of it, a certified copy of which supplies all the evidence of the power which the original could have afforded.

The decree of the city court is affirmed.